# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-63-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ISAIAH STARR STANDINGROCK, | |
| Defendant. | |

## I. Synopsis

Defendant Isaiah Starr Standingrock (Standingrock) has been accused of violating the conditions of his supervised release. Standingrock admitted all of the alleged violations, except alleged violation 9. The Court dismissed alleged violation 9 on the government's motion. Standingrock's supervised release should be revoked. Standingrock should be placed in custody for 4 months, with 32 months of supervised release to follow. Standingrock should serve the first 60 days of supervised release in a secure inpatient drug treatment facility, preferably Connections Corrections in Warm Springs, Montana. Standingrock should serve the next 6 months of supervised release in a sober living environment as directed by his probation officer.

## II. Status

Standingrock pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Oxycodone on January 16, 2019. (Doc. 107). The Court sentenced Standingrock to 28 months of custody, followed by 3 years of supervised release. (Doc. 141). Standingrock's current term of supervised release began on September 4, 2020. (Doc. 171 at 1).

**Petition**

The United States Probation Office filed a Third Amended Petition on June 7, 2021, requesting that the Court revoke Standingrock's supervised release. (Doc. 171). The Third Amended Petition alleged that Standingrock had violated the conditions of his supervised release: 1) by using controlled substances on five separate occasions; 2) by failing to follow the instructions of his probation officer on two separate occasions; 3) by failing to complete his substance abuse treatment program; and 4) by committing another crime.

**Initial appearance**

Standingrock appeared before the undersigned for his initial appearance on the Third Amended Petition on June 8, 2021. Standingrock was represented by counsel. Standingrock stated that he had read the petition and that he understood the allegations. Standingrock waived his right to a preliminary hearing. The

parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 8, 2021. Standingrock admitted that he had violated the conditions of his supervised release: 1) by using controlled substances on five separate occasions; 2) by failing to follow the instructions of his probation officer on two separate occasions; and 3) by failing to complete his substance abuse treatment program. The Court dismissed alleged violation 9 on the government's motion. The violations that Standingrock admitted are serious and warrant revocation of Standingrock's supervised release.

Standingrock's violations are Grade C violations. Standingrock's criminal history category is I. Standingrock's underlying offense is a Class C felony. Standingrock could be incarcerated for up to 24 months. Standingrock could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Standingrock's supervised release should be revoked. Standingrock should be incarcerated for 4 months, with 32 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Standingrock should serve

3

the first 60 days of supervised release in a secure inpatient drug treatment facility, preferably Connections Corrections in Warm Springs, Montana. Standingrock should serve the next 6 months of supervised release in a sober living environment as directed by his probation officer.

## IV.  Conclusion

The Court informed Standingrock that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Standingrock of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Standingrock that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Isaiah Starr Standingrock violated the conditions of his supervised release: by using controlled substances on five separate occasions; by failing to follow the instructions of his probation officer as directed; and by failing to complete his substance abuse treatment program.

The Court **RECOMMENDS:**

> That the District Court revoke Standingrock's supervised release and commit Standingrock to the custody of the United States Bureau of Prisons for 4 months, with 32 months of supervised release to follow. Standingrock should serve the first 60 days of supervised release in a secure inpatient drug treatment facility, preferably

Connections Corrections in Warm Springs, Montana. Standingrock should serve the next 6 months of supervised release in a sober living environment as directed by his probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of June, 2021.

*John Johnston*
United States Magistrate Judge